Per curiam
 

 When the ambiguity does not appear upon the face of the will, but is bred by evidence, it may be done away by evidence ; an averment may ascertain the subject matter of a devise, but not add to the will or take from it, nor in any wise controul its meaning, therefore the evidence offered in the present case is proper j and it was received. The land in qu> sti-on was re-conveyed to Lemuel by Foy .about two months after the making of this will; he had purchased it before making the will, but did not lake a conveyance till after ; but sometime after the conveyence he made a codicil and appointed another executor : Thereupon the defeadant’s counsel argued with great earnestness, that this will át the time of its execution, did not convey the lands purchased of Foy to the plaintiff, the divisor not then having them to divise, and as to the codicil, whoever may choose to say the contrary, the books say it is not a republication.
 

 Harris e contra.
 
 — Any circumstance after the execution of a will which shews the divisors intent that it may be considered as his will, may be taken as a republication, and particularly the making of a codicil, for that amounts to a declaration that upon revising his will he is' satisfied With every part thereof except that which is regulated by the codicil; and he cited 5 Ba. Ah.
 
 615
 
 and the cases there cited and many other books.
 

 
 *34
 

 Fe* zu'ñcm.
 
 — The Iaw„ís undoubted!}? as laid dow* by Mr, iííarrb. Any circumstance whatever plainly indicative of his satisfaction with the paper as bis will at a particular period, may be taken to.be'a republication from that time, and pauiculaily a ccdocil ie so considered. The court then stated to the jury the eviá..’Hce which had been given, and said the question depends' upon what is meant by the Beaver Dam
 
 ;
 
 this may perhaps be explained by the words of the will itself.
 

 They are in the .one case the tiact called the Beaver Dam, held by patent; in'the other, a piece of land purchased of Foy. The different modes by which he had acquired these lands seem to have been mentioned by the devisor lor the purpose of distinguishing the lauds
 
 themselves;
 
 the residue'of the Beaver Dan>. was never purchased of Foy, and the land purchased oí Foy he held immediately by a'deed from him, and not under a patent as he htdd the other; this seems to he decisive; but in addition to this, he always considered and called the residue oí the tract, after pari was sold to Foy, the Beaver Dam, aod devised it in a former will by that name.
 

 There is also another point in this ease : — The defendant after tbe death of Lemuel acted as the plaintiff’s guardian, took possession of the 1 md in question ag guardian and rented it out from year to year till the plaintiff came of age; this possession will have exactly the same effect, as if another person had been guardian and had done the same acts; and such a possession would have given title to the plaintiff after seven years, if it were accompanied with all other legal reotuisites; but here the plaintiff had no colour of title to the land in question unless it be included in the devise to him ; there is no need to resort to the aid of a seven years possess! on. . . .
 

 There was a verdict for the plaintiff and a new trial moved for, but the court refused io make a rule.